JULIA E. STANDLEE ET AL. v. ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY OF TEXAS.

Decided February 13, 1901.

**1.—Death—Damages—Habits of Deceased.**

In an action for damages from injuries resulting in death, defendant may show, as tending to reduce damages, habits of drunkenness, profligacy or indifference to the welfare of his family on the part of deceased.

**2.—Charge.**

Special charges requested are properly refused where the same ground is sufficiently covered by the charge of the court.

**3.—Same—Trespasser.**

The court may instruct the jury that the injured party was a trespasser where the evidence indisputably establishes that fact.

**4.—Newly Discovered Evidence.**

A new trial should not be granted for newly discovered evidence which is not calculated to change the result.

Appeal from Coryell. Tried below before J. E. Walker, Esq., Special Judge.

*T. C. Taylor* and *M. S. Duffie,* for appellants.

*S. H. West* and *Clark & Bolinger,* for appellee.

FISHER, CHIEF JUSTICE.—J. W. Standlee was killed by one of the trains operated on appellee's road, and the appellants, as his surviving widow and children, brought this suit for damages.

The appellee answered by general denial, and further to the effect that the deceased was guilty of contributory negligence in placing himself at a point of danger, and sitting and lying down on the track of appellees road, and that at the time he was in an intoxicated condition.

The specific ground of negligence alleged in the plaintiffs' petition as their cause of action consists in averments to the effect that the deceased was run down and struck by the moving train, after his peril had been discovered, and at a time sufficient, by the exercise of diligence, to have prevented the collision. The verdict and judgment of the trial court were in favor of the railway company.

There is abundant evidence in the record which warrants the conclusion that the deceased when struck was a trespasser upon the track of appellee's line of road, and that he was more or less intoxicated, and that he was, when first seen by the engineer in control of the train, lying down upon or immediately adjacent to the track, at a place that was neither a public nor private crossing. That the engineer, as soon as he discovered that the object on the track was a person, immediately exercised proper diligence, by using all the appliances and means usual in such cases in bringing his train under control, in order to stop the train before reaching the deceased, and after the exercise of proper diligence.

he was unable to do so; whereupon the deceased was struck by the passing train and killed.

We think the ruling of the court was proper in admitting the evidence complained of in appellants' first eight assignments of errors. All of this testimony had some bearing upon the amount of pecuniary loss, if any, sustained by the appellants by the death of the deceased. If his habits were such as to indicate that his services were of little value to his family, and that by reason of his habits and conduct he was what might be termed a worthless person, and that when viewed from a pecuniary standpoint, his existence was a burden upon instead of a benefit to his family, these facts ought to be known to the jury, so that they could determine what compensation, if any, the plaintiffs might be entitled to. In cases of this character compensation consists in the pecuniary loss sustained by the parties aggrieved; and any fact which would have a tendency to show and explain the conduct, character, and business of the deceased could and would doubtless serve some purpose in arriving at the amount of this compensation. If the conduct and habits of the deceased were of such a character as would show that his earning capacity was seriously impaired or diminished, or that in his selfishness and indifference to the interests and welfare of his family he squandered and used in pandering to his own pleasures all that he earned, those that claim to have been aggrieved by reason of his death could not consistently claim that their loss was as great as if he had been a man of exemplary habits and who applied his income and earnings to the benefit of his family.

We think the charge of the court on the measure of damages, as well as upon the other branches of the case, was sufficient.

As to the questions raised in the eleventh, twelfth, and thirteenth assignments of error, we think it sufficient to say that in our opinion the general charge was sufficient upon this subject. It was proper for the court to instruct the jury as it did, that the deceased was a trespasser. The evidence in the record indisputably established this fact.

There was no error in overruling the motion for a new trial. The grounds stated as to the newly discovered evidence of the witness Hatch were not sufficient, in our opinion, to authorize the court to grant the motion for a new trial based on that evidence. The evidence was not of a character which, if admitted, was calculated to affect the result. It was not of a character to negative the force of the testimony in the record which shows that the engineer did not discover the peril of the trespasser, and one who by his contributory negligence had placed himself in a position of danger, in time to avoid running him down.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*